IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HASSEN HABIBI I'JUJU,**   CASE NO. 2:08-cv-787

    **Petitioner,**   **JUDGE FROST**
                                     **MAGISTRATE JUDGE KEMP**

**v.**

**MICHAEL SHEETS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. 2244(d).

## PROCEDURAL HISTORY

According to the petition, this action involves petitioner's 1985 convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated murder and kidnapping.  Petitioner was sentenced to thirty years to life, ten to twenty-five years, and three years, all such sentences to run consecutive to each other.  *See State v. I'Juju*, 2006 WL 3518119 (Ohio App. 10th Dist. December 7, 2006). The Ohio Tenth District Court of Appeals affirmed petitioner's convictions and sentence on September 2, 1986.  *State v. I'Juju*, 1986 WL 9616 (Ohio App. 10th Dist. September 2, 1986).  On December 31, 1986, the Ohio

Supreme Court dismissed petitioner's subsequent appeal. *Petition*, at 2. On March 13, 2005, petitioner filed a motion for modification of sentence with the state trial court, in which he asserted that his sentence violated *State v. Foster*, 109 Ohio St.3d 1 (2006), and *Blakely v. Washington*, 542 U.S. 296 (2004). On April 20, 2006, the trial court denied petitioner's motion. *See State v. I'Juju, supra*, 2006 WL 3518119. On December 7, 2006, the appellate court affirmed the trial court's judgment. Petitioner never filed a timely appeal. *See Petition; Exhibits to Petition*.

On August 15, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Excised statutes constitutes unlawful sentencing.
>
> 2. Improper sentencing of consecutive terms of actual incarceration.
>
> 3. Improper sentencing for first time offender.

The record reflects that this action plainly is time barred.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Because petitioner's judgment of conviction became final prior to the effective date of the AEDPA, petitioner had one year from the effective date of the AEDPA, or until April 24, 1997, within which to file his petition for a writ of habeas corpus. *Isham v. Randle,* 226 F.3d 691 (6th Cir.2000). His March 13, 2005, motion for modification of sentence did not toll the running of the statute of limitations, since he filed that motion long after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6 Cir.2003), citing *Rashid v.*

3

*Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003) (same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell*, 378 F.3d 550, 552 (6th Cir. 2004).

Petitioner appears to contend that this action is timely because he was unable earlier to raise a claim under *Blakely* or *Foster. See Petition.* However, the United States Court of Appeals for the Sixth Circuit has held that *Blakely* is not to be retroactively applied to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Therefore, this argument is unavailing.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and*

4

*Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/  Terence  P.  Kemp
United States Magistrate Judge